NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE JOEL AGURCIA-MORALES; et al., | No. 24-4424 |
| Petitioners, | Agency Nos. A220-147-954 A220-147-955 A220-147-956 A220-147-957 |
| v. | |
| PAMELA BONDI, Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2025[**]

Before:    CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Jose Joel Agurcia-Morales and his family, natives and citizens of Honduras,

petition pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

applications for asylum, and denying adult petitioners' applications for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the BIA's legal determinations. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We deny the petition for review.

We do not disturb the agency's determination that the petitioners failed to show they suffered harm that rose to the level of persecution. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 869 n.6 (9th Cir. 2003) (unspecified threats were insufficient to rise to the level of persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard).

Petitioners do not challenge the agency's determination that they failed to establish that relocation within Honduras was unreasonable, so we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013); *see also Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir. 2003) ("[T]he IJ may deny eligibility for asylum to an applicant who has otherwise demonstrated a well-founded fear of persecution where the evidence establishes that internal relocation is a reasonable option under all of the circumstances.").

2                                                                          24-4424

We do not address petitioners' contentions as to the cognizability of their proposed particular social groups because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.") (citation and internal quotation marks omitted)).

Because adult petitioners failed to show eligibility for asylum, they failed to satisfy the standard for withholding of removal. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021). Thus, the asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because adult petitioners failed to show it is more likely than not they would be tortured by or with the consent or acquiescence of the government if they returned to Honduras. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) ("torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity'" (internal citation omitted)).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**